**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTHA SLAUGHTER-PAYNE,

Plaintiff - Appellant,

v.

ERIC K. SHINSEKI, Secretary of the
Department of Veterans Affairs,

Defendant - Appellee.

No. 11-16815

D.C. No. 2:03-cv-02300-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief District Judge, Presiding

Argued and Submitted March 11, 2013
San Francisco, California

Before: WALLACE, McKEOWN, and IKUTA, Circuit Judges.

Martha Slaughter-Payne appeals from the district court's judgment in favor

of Eric Shinseki, as Secretary of the Department of Veterans Affairs, after the jury

returned a verdict denying her employment discrimination claims. She challenges

various district court evidentiary rulings involving her employer, Veterans

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Administration Medical Center (VAMC).  Slaughter-Payne alleged that VAMC took adverse employment actions against her because of her prior involvement in protected activities, in violation of 42 U.S.C. § 2000e-3(a).  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court's order granting Shinseki's motions in limine, prohibiting Slaughter-Payne from introducing evidence of her pre-August 2001 protected activities, may have been too restrictive.  This court's mandate in an earlier appeal, which reversed the summary judgment on the retaliation claim, left room for the introduction of certain background evidence.  The excluded evidence was relevant to Slaughter-Payne's relationship with John Fears, VAMC's director, and met the low bar for relevancy under Federal Rule of Evidence 401.  Despite the district court's initial in limine ruling, at trial the court permitted Slaughter-Payne's attorney to question Fears about a spectrum of Slaughter-Payne's pre-August 2001 protected activities, thus revealing the essence of her relationship with Fears and her prior activity.  Even if the initial ruling was overly restrictive, the testimony at trial sufficiently remedied Slaughter-Payne's objection.  Because "it is more probable than not that the jury would have reached the same verdict even if [further] evidence had been admitted," the evidentiary ruling was not prejudicial.  *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005) (citation omitted).

The district court's rulings limiting testimony from Nathaniel Payne and Mark Wright were not an abuse of discretion. The district court properly determined that as a lay witness Payne could not testify to his opinion regarding VAMC's budget. Fed. R. Evid. 701 ("If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is . . . not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."). Payne's proffered testimony is not the type of opinion that results from "a process of reasoning familiar in everyday life." Fed. R. Evid. 701 Advisory Committee Notes. The district court also permissibly limited Wright's testimony about VAMC's budget because there was a legitimate question as to whether Wright had knowledge about the relevant fiscal year. *Jeff D. v. Otter*, 643 F.3d 278, 283 (9th Cir. 2011) ("A district court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.") (internal citation and quotation marks omitted).

Finally, the district court permissibly excluded written statements and limited the opinion testimony of Slaughter-Payne's physician, Dr. Keller, who identified workplace hostility as the cause of Slaughter-Payne's medical symptoms. Although treating physicians may "testify to and opine on what they saw and did" without complying with the requirements for expert testimony,

"when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 819–20 (9th Cir. 2011). Because Slaughter-Payne first saw Dr. Keller over a year after the alleged retaliation took place, and after Slaughter-Payne had initiated the underlying EEOC complaint, the district court properly subjected Dr. Keller's opinion about causation to the requirements for expert testimony, and then properly excluded his opinion on that basis.

Despite the exclusion, at trial Shinseki nevertheless used a portion of one of Dr. Keller's written statements regarding causation to impeach Slaughter-Payne. The district court appropriately allowed Slaughter-Payne's counsel to read the remainder of that statement to the jury. Fed. R. Evid. 106 ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). The district court's remedy was not in error.

**AFFIRMED.**